1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS KETCHENS, | 1:05 CV 0131 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITH PREJUDICE FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT (Doc. 1) |
| ROCHA, et al., | |
| Defendants. | |

**A. INTRODUCTION**

Markus Ketchens ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint filed on February 2, 2005.

**B. PLAINTIFF'S ALLEGATIONS**

In this complaint, Plaintiff brings a claim against Defendants' Rocha, Roberts, and Lieutenant John Doe at Corcoran state prison for excessive force and conspiracy in violation of the Eighth Amendment.  Plaintiff alleges that on January 19, 2005 Defendants' Rocha and Roberts reached into his lab coat pocket while he was working in the main kitchen.  Plaintiff

1

warned Rocha and Roberts that he was carrying a thermostat in his pocket for work purposes and they should be careful when reaching in his pocket. Plaintiff contends that Rocha and Roberts responded to his warning in a threatening manner. Later in the day, Plaintiff states he was handcuffed by Rocha and Roberts because of a rule violation. Plaintiff alleges that Rocha struck him in the head twice and Roberts struck him in his back once, rendering Plaintiff unconscious. Plaintiff had multiple cuts and bruises from the blows, and was medically treated the same day. After treatment, Plaintiff contends Defendant John Doe threatened that he would be sent to administrative segregation if he spoke to others about Rocha and Roberts conduct.

Plaintiff concedes that he has not exhausted administrative remedies because he was threatened by Defendants' that he would be sent to administrative segregation. Plaintiff states he fears Defendants' retaliation if he files an administrative appeal. Thus, Plaintiff alleges there is an imminent danger of serious physical harm, and the exhaustion requirement should be waived.

**C. EXHAUSTION STANDARD**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524 (*citing* <u>Booth</u>, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir.2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, <u>et seq.</u> "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy

which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at

3084.1(a).  Four levels of appeal are involved, including the informal level, the first formal level,

second formal level, and third formal level, also known as the "Director's Level."  See Cal. Code

Regs., tit. 15 § 3084.5.  If the Court concludes that Plaintiff has failed to exhaust administrative

remedies, the complaint should be dismissed with prejudice.

**C. ANALYSIS**

Plaintiff argues that his failure to exhaust administrative remedies should be excused

because Defendants' have threatened he will be sent to administrative segregation if he appeals.

Specifically, Plaintiff fears if he appeals the administrative process, Defendants' will retaliate

against him.  However, generalized fear of retaliation is not an exception to the exhaustion

requirement.  Hines v. Valhalla County Corr., No. CVF0C-6935(SAS), 2002 WL 1822740, at *3

(S.D.N.Y. Aug. 8, 2002) (emphasis added).

Plaintiff has not alleged any facts stating that Defendants' actually precluded him from

grieving his excessive force and conspiracy claims.  Williams v. Lewis, No. CVF99-6523(OWW

LJO), 2005 WL 1829698, at *5 (E.D. Cal July, 26 2005); see McNair v. Sgt. Jones, No. CVF01-

3253(RCC GWG), 2002 WL 31082948, at *8 (S.D.N.Y. Sept. 18, 2002) (plaintiff did not

suggest that prison employees prevented him from filing a grievance was distinguishable from

cases where exhaustion was excused because the inmates made reasonable efforts to exhaust but

were prevented from doing so by prison employees).  Furthermore, Plaintiff has not attempted to

appeal on an informal level. "All 'available remedies must now be exhausted; those remedies

need not meet federal standards, nor must they be 'plain, speedy, and effective." Porter, 534 U.S.

at 524 (citing Booth, 532 U.S. at 739 n. 5).  Thus, the Court should dismiss this case with

prejudice because Plaintiff has not exhausted available administrative remedies.

**D. CONCLUSION**

It is HEREBY RECOMMENDED that this action be dismissed, with prejudice, based on

Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative

remedies prior to filing suit.  These Findings and Recommendations are submitted to the United

States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.

§ 636(b)(l).  Within **thirty (30) days** after being served with these Findings and

Recommendations, Plaintiff may file written objections with the Court.  The document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 14, 2006**              _____/s/ Lawrence J. O'Neill_____
b9ed48                                   UNITED STATES MAGISTRATE JUDGE